(September 12, 1912.)

## CHARLES HILLOCK and BERT T. PARKER, Appellants, v. IDAHO TITLE & TRUST CO., Respondent.

[126 Pac. 612.]

STATUTE OF LIMITATIONS—FALSE ABSTRACT OF TITLE—DAMAGES IN-CURRED ON ACCOUNT OF FALSITY OF ABSTRACT—WHEN ACTION AC-CRUES.

(Syllabus by the court.)

1.    Where a prospective purchaser of a tract of land purchased from an abstract company an abstract of title to such property, accompanied by certificate to the effect that such abstract contained a notation of all instruments of record affecting the title, including tax certificates and tax deeds, and relying upon the correctness of the abstract and the truth of the certificate annexed thereto, the purchaser of the abstract subsequently purchased the land therein described, and it thereafter developed that at the time of the making and delivery of such abstract there was an outstanding tax deed to such property which was not disclosed by the abstract, and the purchaser of the abstract and land therein described was obliged to expend money to procure a cancellation and release and satis-faction of the tax deed, and thereafter commenced an action against the abstract company to recover damages sustained on account of the mistake and false representation made by the abstract and cer-tificate thereto: *held,* that the limitation of such action is governed by subd. 4 of sec. 4054 of the Revised Codes, and that the cause of action in such case does not accrue until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.

2.    An abstract company, duly and regularly authorized to transact business under the laws of this state, which engages in the business of making and selling abstracts of title, thereby represents to the purchasers of such abstracts that its employees are competent and

qualified to make examinations of the records and to furnish such abstracts and that they are expert therein, and that the purchaser of such abstract may safely rely upon the statements and representations contained in the abstract and certificate thereto.

3.   One who sustains damage by reason of the mistake and false and fraudulent representation contained in an abstract may, under the provisions of subd. 4 of sec. 4054 of the Rev. Codes, commence his action to recover damages within three years after discovering the fraud or mistake.

APPEAL from the District Court of the Third Judicial District for Ada County.   Hon. Carl A. Davis, Judge.

Action for damages on account of mistake and misrepresentation.   Judgment for the defendant and plaintiffs appeal.   *Reversed.*

J. C. Johnston, for Appellants.

In actions for relief on the ground of fraud or mistake, the action in such case is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.   (*Shain v. Sresovich,* 104 Cal. 402, 38 Pac. 51; *Hayes v. Los Angeles Co.,* 99 Cal. 74, 33 Pac. 766; *Tarke v. Bingham,* 123 Cal. 163, 55 Pac. 759; *Smith v. Irving* (Cal.), 22 Pac. 170; *Christensen v. Jensen* (Cal.), 40 Pac. 747.)

Where no duty is imposed by law upon a person to make inquiry, and where under the circumstances a prudent man would not be put on inquiry, the mere fact that means of. knowledge are open to the plaintiff, and he has not availed himself of them, does not debar him from relief when thereafter he shall make actual discovery.   (*Tarke v. Bingham, supra; Prouty v. Devin,* 118 Cal. 258, 50 Pac. 380; *Watson v. Molden,* 10 Ida. 570, 79 Pac. 503.)

If plaintiff, without any fault or neglect on his part is ignorant of the mistake, the statute begins to run when, and only when, the mistake is discovered.   (25 Cyc. 1195, 1196, note 23; *Manatt v. Star,* 72 Iowa, 677, 34 N. W. 784.)

Where a person undertakes for hire the performance of a duty demanding skill as well as care, he is understood to have

engaged to use a degree of diligence and skill adequate to the due performance of his undertaking; and one who undertakes the examination of title is liable for want of ordinary care or skill in the performance of the task.    (7 Am. & Eng. Ency. of Law, 2d ed., 220.)

The measure of damages is the employer's actual loss, as measured by the amount which he has had to pay to get title, or the amount it has cost to remove the encumbrance.    (*Dodd v. Williams,* 3 Mo. App. 281; *Morange v. Mix,* 44 N. Y. 315; *Chase v. Heaney,* 70 Ill. 268; *Nat. Savings Bank v. Ward,* 100 U. S. 195, 25 L. ed. 621.)

Where the cause of action is based on consequential, as distinguished from direct, damage, and involves an act or omission which might have proved harmless, the cause of action must be taken as accruing only upon the actual occurrence of damage, so that the statute runs only from that time.    (19 Am. & Eng. Ency. of Law, 2d ed., 200; *Power v. Munger,* 52 Fed. 705, 3 C. C. A. 253; *People v. Cramer,* 15 Colo. 155, 25 Pac. 302; *Steele & Johnson v. Bryant,* 49 Iowa, 116.)

Wyman & Wyman, for Respondent.

An action against an abstractor of titles for damages for giving a wrong certificate of title is not one on the bond which he has given pursuant to the statute nor on an agreement in writing, but on a contract not in writing, and hence barred in three years.    (12 Am. Dig., p. 1498; *Provident Loan T. Co. v. Wolcott,* 5 Kan. App. 473, 47 Pac. 8; *Russell v. Polk County Abstract Co.,* 87 Iowa, 233, 43 Am. St. 381, 54 N. W. 212.)

The right of action against an abstractor for damages resulting from an incorrect abstract accrues at the time the examination is made and reported, and not when the error is discovered or damages result therefrom.    (1 Cyc. L. & P. 217, and cases cited; 1 Am. & Eng. Ency. of Law, 2d ed., 221, and cases cited; *Equitable Bldg. & L. Assn. v. Bank of Commerce* [118 Tenn. 678, 102 S. W. 901], 12 L. R. A., N. S., 454, 12 Ann. Cas. 407; Warville on Abstracts, p. 9.)

AILSHIE, J.—This action was instituted against the Idaho
Title & Trust Co. to recover damages for selling and deliv-
ering to the appellants herein, in the month of April, 1907,
an incomplete abstract of title to a certain tract of land ac-
companied by a false certificate.

It was alleged in the complaint that the plaintiffs, about
the month of April, 1907, applied to the defendant, which was
engaged in making abstracts, for a full and perfect abstract
of title to a certain tract of land, and that they thereafter
prepared, made and certified an abstract of title for which
plaintiffs paid the required compensation, and that, relying
on the truth and correctness of the certificate and abstract,
the plaintiffs purchased the land, and that thereafter, and
about the 16th of September, 1911, they discovered for the
first time that there had been a mistake made in compiling the
abstract, and that, in truth and in fact, the land had been sold
for taxes for the year 1894 and a tax deed had been issued
therefor, and that the abstract which the plaintiffs purchased
from defendant failed to show these facts; and they alleged
that the certificate of abstract was false and untrue, in that
it failed to disclose this outstanding tax deed, and that plain-
tiffs suffered damages in the sum of $500, which sum they
had to pay out in order to remove the tax deed and clear the
title to the land covered by the abstract.

This action was commenced on the 12th of January, 1912.
The abstract of title was sold and delivered to the appellants
on the 15th day of April, 1907.  The defendant company filed
a demurrer to the complaint, on the grounds that the cause of
action was barred by the statute of limitations as prescribed
by secs. 4050 and 4053 of the Rev. Codes.  The court sus-
tained the demurrer and this appeal has been prosecuted.

The trial court held and the respondent contends here
that the cause of action pleaded is governed by secs. 4050 and
4053 of the Rev. Codes, and that at the time of the filing
of the complaint the cause of action was barred by the provi-
sions of these sections of the statute.  Appellants contend that
the cause of action pleaded is governed by sec. 4054 of the
Rev. Codes, and was not barred by the statute of limitations.

Secs. 4050 and 4053 of the Rev. Codes are as follows:

Sec. 4050: "The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows: . . . . "

Sec. 4053: "Within four years: An action upon a contract, obligation, or liability, not founded upon an instrument of writing."

That portion of sec. 4054 which is involved in this case and on which appellants rely reads as follows: "Within three years: . . . . (4) An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

It will be seen, therefore, that the appellant contends that this is an action for relief on the ground of mistake, or the constructive fraud resulting therefrom, and that the cause of action did not accrue until the discovery of the fraud or mistake which caused the injury. The respondent, on the other hand, contends that it is an action upon contract, not founded upon an instrument of writing. The courts appear to have considered this question in other states, some of them upon statutes similar to ours and others independent of statute. The concrete cases against abstract companies seem to be generally with the position taken by respondent.

*Russell v. Polk County Abstract Co.,* 87 Iowa, 233, 43 Am. St. 381, 54 N. W. 212, was an action against an abstract company for negligence in making an abstract and damages arising on account of such negligence. It was held by the court in that case that the cause of action accrued when the abstract was delivered by the abstract company to the purchaser thereof, and that there was a breach of the contract immediately upon the delivery and not when the injury occurred or the error was discovered.

*Provident Loan Trust Co. v. Walcott,* 5 Kan. App. 473, 47 Pac. 8, is an action against an abstractor for giving an incorrect certificate of title, and it was held that the cause of action arose at the date of the delivery of the abstract and not at the time of the consequential damages.

*Lattin v. Gillette,* 95 Cal. 317, 29 Am. St. 115, 30 Pac. 545, was an action against an abstractor for negligence in certifying that a party was the owner, when in fact he only had a half interest in the title to the property. It was held that the cause of action accrued at the time of the delivery of the abstract, and that the statute of limitations began to run at that time, notwithstanding the fact that the purchaser of the abstract did not discover the defect or error until after the statute of limitations had run, at which time he had to surrender one-half interest in the property.

The Missouri courts have reached the same conclusion in *Rankin v. Schaeffer,* 4 Mo. App. 108, and *Schade v. Gehner,* 133 Mo. 252, 34 S. W. 576. (See, also, note to *Equitable Bldg. & Loan Assn. v. Bank of Commerce* [118 Tenn. 678, 102 S. W. 901], 12 L. R. A., N. S., 454.)

The case at bar differs from some, if not all, of the foregoing cases, in that it not only alleges the contract and purchase of the abstract and certificate, but it also alleges that through and by the *mistake* of the respondent, the certificate to the abstract was *false and untrue,* and that, relying on the *truth and correctness of the certificate,* appellants made the purchase of the land and subsequently sustained the injury and damage complained of. While this specific question is not dealt with at any length in the cases, it was recognized in the case of *Russell & Co. v. Polk County Abstract Co., supra,* wherein the court said: "The statute of limitations commences to run from the time a cause of action accrues. (Code, sec. 2529.) By sec. 2530 it is provided that in actions for relief on the ground of fraud or mistake the cause shall not be deemed to have accrued until the fraud or mistake has been discovered. The petition is without allegations to bring the case within the provisions of the latter section, and, hence, we are to inquire when the cause of action accrued without reference to its being grounded on fraud or mistake."

Similar expressions are to be found in other decisions which tend to indicate that the writers of the opinions did not want to unalterably commit themselves in such cases so as to be precluded from holding to a different rule as to the limita-

tion of such actions where they were grounded in *fraud or mistake.* It seems to us, however, that the authorities dealing with the specific question of the furnishing of a false certificate of abstract fall somewhat short of the real and vital question involved in these transactions. The contract in fact is only partially made when a man applies to an abstract company for an abstract of title to a certain tract of land. The contract is not then consummated. It simply amounts to an application to purchase an abstract of title covering all instruments and conveyances and encumbrances affecting the title to the property, or all such instruments and records affecting the title in some given particular; as, for instance, encumbrances, tax titles, or judgment liens, or mechanic's and laboring men's liens. On the other hand, the extent of the representation and liability of the abstract company is measured by the statements contained in the abstract and the terms of the certificate accompanying the same. The certificate annexed thereto may be of such a nature that it would attach little or no liability to the abstract company, and be of as little use to the one who applied for it, and would not meet the requirements and terms of the application made to the company to purchase an abstract of title to the specific piece of property. *In any event, the abstract and certificate furnished the unmistakable evidence of the representations made by the abstract company and of its part of the contract.* If those representations are untrue, whether they be caused by mistake or actual fraud, it amounts in law to a fraud upon the purchaser of the abstract, and if he suffers damage in consequence thereof, it seems to us he would have his action for false or fraudulent misrepresentation as to the character of the property the company sold him when it sold him such an abstract, and as to the condition and nature of the title to the property abstracted. (*Renkert v. Title Guaranty Trust Co.,* 102 Mo. App. 267, 76 S. W. 641.) It was false in this, that, in the case at bar, while the abstract company represented to the purchaser of the abstract that the abstract included all tax deeds and certificates, in truth and in fact, it failed to disclose and report an outstanding tax deed, and was therefore not the kind of an ab-

stract it purported to be—a full and complete abstract of title; nor was the title to the property abstracted such as the abstract represented it to be.

There was no occasion for the purchaser of this abstract to go and examine the records, because that was the very reason why he purchased the abstract, and the abstract company had notice that the party applying for an abstract did not desire or intend to examine the records himself, but that he wanted an abstractor to do so, and that he expected to rely on the abstract and certificate thereto rather than examine the records himself.

The authorities above cited hold that the cause of action in these cases arises upon the delivery to the purchaser of the abstract, and not when the mistake or fraud is discovered or the damage is sustained. This statement cannot be wholly true. A man might purchase an abstract of title to a piece of property and yet not purchase the property or finally consummate the deal for weeks, months, or even years, and his delay or failure to purchase not be caused by any representation contained in the abstract. In such case, he would certainly have no cause of action against the abstractor if he never purchased the property or sustained any damage, nor would he have a cause of action against the abstractor if he should discover the mistake before purchasing the property. If the purchaser of a false and incorrect abstract should discover the mistake before consummating the deal and paying the money for the land, he would not be entitled to recover damages against the abstract company on account of an outstanding mortgage or encumbrance which he learned of before he made the purchase. If this be true, and it undoubtedly is, then no cause of action accrued to the purchaser of the abstract upon the delivery to him of the abstract.

Bishop, in his work on Non-Contract Law, secs. 32, 33 and 34, says: "Where there is not even a technical disturbance of a right, though there is a wrong, there is nothing to redress. In such a case, until the wrong has progressed to actual damage, the tort is incomplete, and no action for it can be maintained. Thus, though fraud is a wrong, one on

whom it is practiced can recover nothing therefor until it has injured him, or disturbed some right of his, and negligence gives no action to one menaced thereby, until he has suffered.'' (See, also, 21 Am. & Eng. Ency. of Law, p. 498; *Wabash County v. Pearson,* 120 Ind. 426, 16 Am. St. 325, 22 N. E. 134; *Power v. Munger,* 52 Fed. 705, 3 C. C. A. 253; *Freeman v. Venner,* 120 Mass. 424.)  As said by the supreme court of Massachusetts in *Freeman v. Venner, supra,* there must be a ''concurrence of damages with fraud'' in order to be actionable.

Now, taking the case at bar, the respondent held itself out as an expert in the examination of titles to real estate and in making and certifying the same, and was in the business for hire.  (*Chase v. Heaney,* 70 Ill. 268.)  The appellants made application for and in return received an abstract and certificate representing the condition of the title of certain land and paid to respondent the price demanded.  If appellants had never acted upon the representations contained in this abstract and certificate, or had never purchased the property, they would never have sustained any damage and would have had no cause of action.  We fail, therefore, to see how any cause of action accrued to them upon the mere delivery to them of the abstract and certificate.  When, however, they acted upon the representations contained in this abstract and purchased the property described therein, relying upon the abstract, a cause of action accrued to them as soon as they learned of the mistake and consequent misrepresentation made thereby.  It seems to us, therefore, that no cause of action accrued until the appellants were called upon to pay some valid claim held against the property and not shown by the abstract, or had notice of the claim and the falsity of the representation.  The abstract of title was true and correct, according to the pleadings, but the whole trouble arose out of 'the falsity of the certificate attached thereto in certifying that all conveyances, etc., affecting the title to the property were shown on the abstract.

It seems to us that it is for just these reasons and for such cases as this that the legislature provided the exception con-

tained in sec. 4054 to the effect that "The cause of action in such case," that is, of fraud or mistake, shall "not be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

As said by the supreme court of California in *Sublette v. Tinney*, 9 Cal. 423, "The policy of the law is that actions on this ground should be commenced within three years; but that innocent parties may not suffer whilst in ignorance of their rights, the statute excepts them from the limitation until a discovery of the fraud."

A man who buys land on the faith of an abstract furnished by a legally authorized company may have no occasion to examine the county records for years, and although a mortgage omitted from the abstract might not mature for some years after the abstract is made and delivered, and would then not be barred by the statute for five years after maturity, and the purchaser of the abstract and the land therein described might not learn of such mortgage until the commencement of an action to foreclose, still, if the statute runs in favor of the abstractor from the delivery of the abstract, the company would be released long before the falsity of the abstract could reasonably be discovered by the purchaser. This would not be justice, and ought not to be the law.

Stress seems to be placed by some of the courts on the fact that these actions primarily arise out of contract, and that the breach occurs and the cause of action accrues at the time of the delivery of the certificate. This was peculiarly the reasoning of the Iowa court in *Russell v. Polk County Abstract Co., supra,* and other cases above cited seem to pursue substantially the same course of reasoning. Addison, in his work on Torts, page 13, says: "A tort may be dependent upon or independent of contract. If a contract imposed a legal duty upon a person, the neglect of that duty is a tort founded on contract, so that an action *ex contractu* for the breach of the contract or an action *ex delicto* for the breach of duty may be brought at the option of the plaintiff."

It occurs to us that while the course of reasoning adopted in some of the cases is primarily true, it does not disclose the

whole truth of the situation. For example, many, if not most, torts arise out of preceding contracts. The breach, however, is not in pursuance of the contract, but in violation thereof. The tort upon which the action is founded may be the result of a violation of a contract duty or of a legal duty, and so it may be said with reference to the running of the statute of limitations under the provisions of secs. 4053 and 4054 of our Revised Codes. Under sec. 4053, the action, in order to be barred within four years, must have been founded upon a contract not in writing. On the other hand, subd. 4 of sec. 4054, fixing the limitation at three years upon actions for relief on the ground of *fraud or mistake,* has no more reference to a fraud or mistake arising independent of contract than it has to a fraud or mistake occurring in or arising out of a contract. Indeed, the mistake referred to in this provision of the statute will ordinarily occur in a contract of some kind or other. The test, therefore, under subd. 4 of sec. 4054, is not whether the fraud or mistake occurred in a contract or independently of contract, but the test rather is whether the action seeks relief from or on account of a *fraud or mistake.*

In this case, the allegations are that a false certificate was delivered, and that the certificate was false by reason of a mistake made on the part of the abstractor. The whole transaction and consequent damage sustained harks back to the contract, but is no less a *mistake and fraudulent representation.* Although a misrepresentation is made through mistake of the facts as they actually exist, when such a misrepresentation is made by one whose duty it is to know the facts and who represents himself as possessing all the facts with reference to the matter, the misrepresentation is in law equally as fraudulent and actionable as if it had been knowingly made. (*Fisher v. Mellen,* 103 Mass. 503; Smith on Fraud, sec. 2.)

We conclude that the cause of action pleaded in this case falls within the purview and meaning of subd. 4 of sec. 4054, and that the demurrer should not have been sustained.

In the face of the authorities above cited stating a somewhat different view, we have had some hesitancy in reaching

the conclusion herein announced, not because we have any doubt whatever as to the soundness of the course of reasoning we have adopted, but rather out of respect for the opinions of courts of distinction and high standing. The question, however, confronting us is a new one in this state, and we feel that we would rather announce a rule and place a construction on a statute which to us seems reasonable and at the same time is in consonance with the plainest dictates of justice, even though in doing so we may subject ourselves to the charge of holding against the weight of the adjudicated cases.

What has been said herein with reference to the representations and liability of the company is predicated on the proposition that the demurrer admits the truth of all the material allegations of the complaint. The judgment is reversed and the cause remanded, with directions to the trial court to overrule the demurrer and hear the case on its merits. Costs awarded in favor of appellant.

Stewart, C. J., and Sullivan, J., concur.