(June 13, 1913.)

CHARLES HILLOCK and BERT T. PARKER, Respondents, v. THE IDAHO TITLE & TRUST CO., LTD., Appellant.

[133 Pac. 119.]

REAL ESTATE—ABSTRACT OF TITLE—MISTAKE IN—DAMAGES.

1. Where an abstract company is employed to prepare an abstract of title to certain real estate and a mistake is made by it in the preparation of such abstract and the person for whom it is made is damaged thereby, the abstract company is liable for all legal damages sustained by such person.

2. *Held,* that the evidence shows that the respondents were damaged in the sum of $500 and costs of suit by reason of such mistake, and that the abstract company is liable therefor.

3. The court did not err in giving certain instructions and in refusing to give certain other instructions requested by appellant.

APPEAL from the District Court of the Third Judicial District, in and for Ada County. Hon. Carl A. Davis, Judge.

Action to recover for damages sustained by reason of a mistake made in an abstract of title to certain real estate. Judgment for $500 and costs *affirmed.*

Wyman & Wyman and Harry S. Kessler, for Appellant.

The instructions of the court should be restricted to the issues made by the pleadings and to the evidence; when the declaration alleges the personal negligence of the defendant as a ground of liability, it is a fatal objection to the instruc-

tions that they direct the attention of the jury to other and different elements of liability.   (Brickwood's Sackett on Instructions, secs. 1, 171; 11 Ency. Pl. & Pr. 158.)

J. C. Johnston, for Respondents.

The measure of damages is the employer's actual loss as measured by the amounts which he had to pay to get title or the amount it has cost to remove the encumbrance.   (*Dodd v. Williams,* 3 Mo. App. 281; *Morange v. Mix,* 44 N. Y. 315; *Chase v. Heaney,* 70 Ill. 268; *National Sav. Bank v. Ward,* 100 U. S. 195, 25 L. ed. 621; 1 Cyc. 218, note "G"; *Security Abstract & Title Co. v. Longacre,* 56 Neb. 469, 76 N. W. 1073; *Clark v. Marshall,* 34 Mo. 429; *Smith v. Holmes,* 54 Mich. 105, 19 N. W. 767; 6 Ballard on Real Property, sec. 7; Warvelle on Abstracts, sec. 615, p. 735; sec. 1411, Rev. Codes.)

The law relative to the liability of abstract companies or persons was taken from the Nebraska law relative to the same subject.   (See Cobby's Ann. Stats., vol. 2, sec. 10,279; *Gate City Abstract Co. v. Post,* 55 Neb. 742, 76 N. W. 471.)

SULLIVAN, J.—This action was brought to recover damages in the sum of $500 alleged to have occurred because of a mistake and false abstract of title to certain land, the appellant having certified that there were no tax sales, tax deeds or other liens and encumbrances against said land except what appeared on said abstract of title.   The appellant by its answer set up by way of affirmative defense that the land in question was the property of the United States and was not subject to assessment in the year 1904, when the taxes were assessed against said land for which said land was sold and a tax certificate issued therefor which resulted in a tax deed, and averred that said sale and tax deed were null and void. The cause was tried by the court with a jury and resulted in a verdict and judgment in favor of the plaintiffs in the sum of $500 and costs.   This case was before this court on a former appeal, when the judgment of the trial court was reversed and the cause remanded for a new trial.   (See *Hillock v. Idaho etc. Trust Co.,* 22 Ida. 440, 126 Pac. 612.)

The giving and refusing to give certain instructions are the only errors assigned. There is no material conflict in the evidence. It shows that the plaintiff on April 15, 1907, secured an abstract of title from the appellant company for certain land in Ada county, and the certificate of said abstract was to the effect that "there are no taxes due and unpaid upon the said land . . . . and that there are no tax sales on said land unredeemed, that no tax deeds have been given therefor." It further appears that the plaintiffs purchased the land in question, relying upon the abstract, and that in October, 1911, they learned that Belle M. Smith had a tax deed for the land in question, which said deed had been procured from Ada county on a tax sale for taxes assessed against the land in 1904. It further appears that respondents notified the manager of the defendant corporation of all the facts in regard to said tax deed and requested appellant to have said matter adjusted and protect them from said tax deed. Said manager told respondent Hillock to go to the attorney of the company and that he would look after the matter for him; that it would not cost him anything. Thereupon said respondent saw the attorney in regard to the matter, who informed him that the company would do what was right about the matter, and requested respondent to bring the abstract of title up to his office. Respondent Hillock thereafter saw the manager of the company several times in regard to the adjustment of the matter, and Hillock testified that the manager laughed at him and told him the statute of limitations had run and there was no liability on the part of appellant. The manager testified that Hillock seemed to be very excitable about the matter and seemed to want the appellant to settle the matter with the party holding the tax title, which appellant refused to do, and that Hillock became abusive and the interview ended very unsatisfactorily.

The record shows that negotiations were carried on between the attorney for the person holding the tax title and Hillock from six weeks to two months, trying to settle the matter, and finally the holder of the tax deed offered to settle for $500 and give the respondent a quitclaim deed to said property,

and stated that unless they paid it within three days, a suit would be brought to quiet her title to said property. The appellant failed and refused to adjust said matter and the respondents concluded to pay it and accept a quitclaim deed which they were fully justified in doing.

Under the facts of this case it is clear that the appellant corporation was liable to the respondents for the damages sustained by reason of said false abstract, and it is clearly indicated that said company did not intend to right the matter except at the end of a lawsuit. It no doubt has cost the respondent that amount to prosecute said two appeals to the supreme court of this state, aside from his payment of the $500 for the quitclaim deed, and appellant did not attempt to show that the matter could have been settled for a less amount.

Upon an examination of the instructions given, we find no error in them, and there was no error in refusing to give the instruction requested by the appellant.

The appellant contends that no title was conveyed by said tax deed, for the reason that the land was not subject to assessment for the year 1904. If that be true, it was the company's duty to remove the cloud cast by said tax deed upon the title and not require the respondents to do so. An abstract company cannot escape liability by claiming that a tax deed is invalid which ought to have, but did not, appear on the abstract, as abstracts of title should show every instrument affecting the title which is a matter of record, and if an abstract fails to show certain instruments that cast a cloud upon the title and the person who procures such abstract is damaged thereby, the abstract company is liable.

If the abstract of title had been correct and had shown, as it should, said tax sale certificate or tax deed, respondents would not have purchased said land with that cloud upon the title. It was the mistake of the abstract company that caused the trouble, and it was its duty to proceed with diligence to remove said cloud after it was notified by the respondents of the mistake in the abstract. Under the facts of this case,

the plaintiffs were entitled to recover the $500 paid to Smith for a quitclaim deed to said premises.

No error appearing in the record, the judgment of the district court must be affirmed, with costs in favor of the respondents.

Ailshie, C. J., and Stewart, J., concur.