WILLIAMS v POLGAR

OPINION OF THE COURT

1. ABSTRACTS OF TITLE—DEFECTIVE ABSTRACT—FRAUD—LIMITATION OF
ACTIONS.

> Certification of an abstract of title that makes no mention of a
> properly recorded conveyance is a constructive fraud, and the
> statute of limitations does not begin to run until the fraud is
> discovered (MCLA 600.5855).

2. VENDOR AND PURCHASER—DEFECTIVE TITLE—BREACH—LIMITATION
OF ACTIONS.

> The statute of limitations did not begin to run against land
> contract vendees in an action against land contract vendors
> where the vendors had furnished to the vendees a defective
> abstract of title which failed to show a conveyance of part of
> the land, but had not executed a deed of conveyance because
> the vendees had not yet fulfilled their contractual obligations.

3. ABSTRACTS OF TITLE—DEFECTIVE ABSTRACT—CONTRACTS—PRIVITY—
TORT.

> One who is not in privity of contract with an abstractor of title
> may maintain an action against the abstractor for a defective
> abstract because the action is in tort, not in contract; a breach
> of contract can also be a tort and this is true of the faulty
> preparation of an abstract.

4. ABSTRACTS OF TITLE—DEFECTIVE ABSTRACT—ABSTRACTOR'S DUTY OF
CARE—SUBSEQUENT PURCHASER—TORT ACTION.

> Land-contract purchasers and mortgagees are members of a class
> to which an abstractor owes a duty to furnish an accurate
> abstract of title because he has reason to know that the
> information he supplies is intended to influence transactions
> involving parties of that sort; the difference between one who is
> in privity of contract with an abstractor and a subsequent

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 6] 1 Am Jur 2d, Abstracts of Title § 24.
[3, 4] 1 Am Jur 2d, Abstracts of Title § 23.
[5] 1 Am Jur 2d, Abstracts of Title § 17.

purchaser or mortgagee, is that the former may elect to proceed in either contract or tort while the latter is limited to a tort action.

DISSENT BY LEVIN, J.

5. ABSTRACTS OF TITLE—DEFECTIVE ABSTRACT—LIABILITY—PRIVITY.

An abstractor of title is liable only to persons with whom he contracts, and is not liable to a subsequent land-contract purchaser, who is not in privity of contract with the abstractor, for a defective abstract of title.

6. ABSTRACTS OF TITLE—DEFECTIVE ABSTRACT—DEEDS—VENDOR'S LIABILITY—LIMITATION OF ACTIONS.

The statute of limitations does not run against a subsequent land-contract purchaser's action against the seller for a defective title until the purchaser performs his obligations under the contract and the seller delivers the deed of conveyance.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 June 10, 1972, at Detroit. (Docket No. 12567.) Decided September 27, 1972. Leave to appeal granted, 388 Mich 812.

Complaint by Walter E. Williams, Violet V. Williams, and Whiteway, Inc., against Julia Polgar, Zigmond Polgar, and American Title Insurance Company, for damages arising out of delivery of a defective abstract of title. Accelerated judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Perica, Breithart & Carmody, P. C.,* for plaintiffs.

*Steve Polgar,* for defendant Polgar.

*Atlas, Rowe & Talon, P. C.,* for defendant American Title Insurance Company.

Before: DANHOF, P. J., and LEVIN and BORRADAILE,* JJ.

---

* Probate judge, sitting on the Court of Appeals by assignment.

DANHOF, P. J. This is a case of first impression in this state. The questions presented are: at what point does the statute of limitations begin to run in the case of a defective abstract of title, and whether the lack of privity with the abstractor bars recovery by a subsequent purchaser of the land.

Plaintiffs Williams purchased certain property from defendants Polgar under a land contract dated August 1, 1959. At the time of purchase defendants Polgar furnished to plaintiffs Williams an abstract of title certified to July 15, 1959 by a predecessor of defendant American Title Insurance Company. This abstract was originally issued by the Macomb County Abstract & Title Company and was extended by that company in 1936, 1937, 1943, 1944, 1945, 1946, 1948, 1951 and 1952. For purposes of this appeal we will accept the plaintiffs' contention that the American Title Insurance Company is the successor in interest of the Macomb County Abstract & Title Company.

The abstract of title failed to include a deed dated May 1, 1926 which was recorded on May 24, 1926, in Liber 242, p 174 of the Macomb County Records. This deed by Henry J. Brehm and Mary Brehm, Polgars' predecessors in title, conveyed the southerly 60 feet of the property described in the land contract to the Macomb County Board of Road Commissioners. The plaintiffs contend that they first learned of this deed on December 12, 1969. This action was commenced on April 21, 1971. The plaintiffs claim damages arising out of the road commission's exercising its rights over the land by widening the road adjacent to the plaintiffs' land which caused the destruction of the building located on the property. All of the defendants moved for accelerated judgment under GCR 1963, 116. The trial court held that the plaintiffs'

cause of action accrued no later than the execution of the land contract on August 1, 1959 and granted accelerated judgment to all defendants. We reverse and remand.

We deal first with the statute-of-limitations problem. It appears that the majority rule is that the statute runs from the time the abstract is delivered. See 1 Am Jur 2d, Abstracts of Title, § 24, p 245, 1 CJS, Abstracts of Title, § 13, p 399. We decline to follow the cases so holding and will adhere to the minority rule which we find to be better reasoned. Cases which we find highly persuasive are *Chicago R I & G R Co v Duncan,* 273 SW 908 (Tex Civ App, 1925) and *Hillock v Idaho Title & Trust Co,* 22 Idaho 440; 126 P 612 (1912). In the *Hillock* case the Court examined numerous authorities and concluded that the better rule was that the statute began to run when the defect was discovered. The Court reasoned that the omission of a conveyance from an abstract would be considered fraud, and that, so considered, the statute would not begin to run until the fraud was discovered. We agree with this conclusion. We do not hesitate to find that the certification of an abstract that makes no mention of a properly recorded conveyance is constructive fraud. As the Court said in *Hillock v Idaho Title & Trust Co,* 22 Idaho 440, 449; 126 P 612, 615 (1912):

"If the statute runs in favor of the abstractor from the delivery of the abstract, the company would be released long before the falsity of the abstract could reasonably be discovered by the purchaser. This would not be justice, and ought not to be the law."

At all times relevant to this action we have had a statute that was substantially the same as the

present MCLA 600.5855; MSA 27A.5855 which reads:

"If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations."

An action commenced on April 21, 1971 would be timely if the defect was not discovered until December 12, 1969.[1]

With regard to defendants Polgar the statute has not run. There can be no breach of contract until there is a failure to convey pursuant to the terms of the land contract. The statute has not begun to run. This action is for an anticipatory breach.

While the trial court did not base its ruling on a lack of privity we find it necessary to discuss the issue. Lack of privity was one of the grounds argued in support of the motion for accelerated judgment, and the issue is certain to arise on remand. In addition, the question is of substantial importance to the jurisprudence of the state.

It is generally said that there can be no recovery against an abstractor by one who is not in privity of contract with him. The cases are collected in the Annotation: *Liability of Abstractor—Privity,* 34 ALR3d 1122. Since we write on a clean slate we

---

[1] We do not mean to imply that MCLA 600.5855; MSA 27A.5855 is the only statute that could apply. If a suit is timely under the contract statute MCLA 600.5807(8); MSA 27A.5807(8) it may be maintained even if commenced more than two years after the fraud is discovered.

are free to reject traditional rule and hold that a person who is not in privity may maintain an action against an abstractor.

One of the reasons given for the privity requirement is that one who is not in privity of contract should not be allowed to maintain an action on this contract. The answer to this argument is simple. This is not an action in contract, it is an action in tort. It is certainly established that a breach of contract can also be a tort and this is true of the faulty preparation of an abstract. *Dorr v Massachusetts Title Insurance Co,* 238 Mass 490; 131 NE 191 (1921), *Ehmer v Title Guarantee & Trust Co,* 156 NY 10; 50 NE 420 (1898), Prosser, Torts, § 93, p 638, 2 Harper & James, Torts, § 18.6, p 1049 *et seq.*

Keeping in mind that this is a tort action the question is not whether or not we can find privity, but rather, it is a question of whether a subsequent purchaser or mortgagee is a member of the class to which the abstractor owes a duty. We believe that they are members of such a class. The difference between one who is in privity of contract and a subsequent purchaser or mortgagee is that the former may elect to proceed in either contract or tort while the latter is limited to a tort action.

The strongest argument for a privity requirement is that if there were no such requirement the abstractor would be open to virtually unlimited liability. Whatever the situation is with regard to other professional certificates we do not believe that this is true of abstracts.[2] Abstracts are prepared for a limited class, among them purchasers

---

[2] We are dealing here solely with abstracts of title. We mean to imply no opinion on what the situation is with regard to other professional certificates. Those questions must be settled on a case-by-case basis.

and mortgagees. The abstractor knows this and certainly is aware that future purchasers and mortgagees will rely on his abstract. Thus, the class to whom the duty is owed is clearly defined. Moreover, there is a limit on the amount for which the abstractor may be held liable. For example, in a case where the abstractor has failed to note a deed conveying the property in fee simple absolute and the subsequent purchaser loses the property, that limit is the total value of the property. Contrast this with a case involving an accountant's certificate. Here an unlimited number of people may rely on the certificate in extending credit and the liability is truly unlimited. We are aware that real property often appreciates in value and that subsequent purchasers and mortgagees may suffer damages through the loss of improvements made to the land after the date of the abstract; however, this is not sufficient reason to defeat liability. We agree with the following statement from Prosser, Torts, § 102, p 723:

"Certificates of expert examination and approval are intended to be exhibited, not hidden under a bushel; and a rule which denies recovery because the defendant who has provided one for such a purpose does not know the plaintiff's name or the particulars of the transaction has an artificial aspect."

The rule with regard to the liability of abstractors for defective abstracts is correctly stated in the Restatement of Torts, § 552, p 122, which reads:

"One who in the course of his business or profession supplies information for the guidance of others in their business transactions is subject to liability for harm caused to them by their reliance upon the information if

"(a) he fails to exercise that care and competence in
obtaining and communicating the information
which its recipient is justified in expecting, and
"(b) the harm is suffered
"(i) by the person or one of the class of persons
for whose guidance the information was sup-
plied, and
"(ii) because of his justifiable reliance upon it in
a transaction in which it was intended to
influence his conduct or in a transaction
substantially identical therewith."

We are aware, of course, that arguments based on
§ 552 of the Restatement have been rejected by
many courts. We can only echo the words of the
Idaho Supreme Court in *Hillock v Idaho Title &
Trust Co,* 22 Idaho 440, 450–451; 126 P 612, 616
(1912):

"In the face of the authorities above cited stating a
somewhat different view, we have had some hesitancy
in reaching the conclusion herein announced, not be-
cause we have any doubt whatever as to the soundness
of the course of reasoning we have adopted, but rather
out of respect for the opinions of courts of distinction
and high standing. The question, however, confronting
us is a new one in this state, and we feel that we would
rather announce a rule and place a construction on a
statute which to us seems reasonable and at the same
time is in consonance with the plainest dictates of
justice, even though in doing so we may subject our-
selves to the charge of holding against the weight of the
adjudicated cases."

Reversed and remanded for further proceedings
not inconsistent with this opinion. Costs to the
plaintiffs.

BORRADAILE, J., concurred.

LEVIN, J. *(dissenting)*. I cannot agree with the majority's disposition of this case.

We do not write on a clean slate. In *Beckovsky v Burton Abstract & Title Co,* 208 Mich 224, 227 (1919), the Michigan Supreme Court indicated its acceptance of the universal rule that an abstractor of title is liable only to persons with whom he contracts.[1] There does not appear to be *any* contrary authority. See Anno: *Liability of One Preparing Abstract of Title, for Deficiencies Therein, to One Other Than Person Directly Contracting for Abstract,* 34 ALR3d 1122; 1 Harper & James, The Law of Torts, § 7.6, p 548; Prosser, Law of Torts, § 102, pp 721–723.

The Restatement does not state a contrary rule. In a note to the American Law Institute accompanying Tentative Draft No 12 of the Restatement of the Law, Second, Torts, § 552,[2] p 15, the then reporter, Dean Prosser, stated:

---

[1] In the cited case the plaintiff vendee asked the defendant abstractor to certify the abstract and to bill the vendor. The abstractor was held to be subject to liability to the vendee. Cases decided in other jurisdictions also recognize that an abstractor can be liable to a third person if he knows of the third person's interest when he contracts. See 1 Harper & James, The Law of Torts, § 7.6, p 548; Prosser, Law of Torts, § 102, p 722; Anno: *Liability of One Preparing Abstract of Title, for Deficiencies Therein, to One Other Than Person Directly Contracting for Abstract,* 34 ALR3d 1122, 1134.

[2] Section 552, as stated in the first Restatement, p 122, reads:

"One who in the course of his business or profession supplies information for the guidance of others in their business transactions is subject to liability for harm caused to them by their reliance upon the information if

"(a) he fails to exercise that care and competence in obtaining and communicating the information which its recipient is justified in expecting, and

"(b) the harm is suffered

"(i) by the person or one of the class of persons for whose guidance the information was supplied, and

"(ii) because of his justifiable reliance upon it in a transaction in which it was intended to influence his conduct or in a transaction substantially identical therewith."

It is proposed to revise § 552 to read as follows:

"(1) One who, in the course of his business, profession or employ-

"Where the defendant merely supplies information
for the recipient to use as he sees fit, without any
purpose of his own to reach third persons, a narrower
rule is required. It is not enough that it is 'foreseeable'
that the information will reach third persons. In one
sense it is always 'foreseeable' that any information
will be communicated to others. Something more is
required. This is made very clear by a long list of cases
holding that one who negligently gives a certificate, or
other information, to A is not liable when it reaches B
and causes pecuniary loss to him, in the absence of
some information as to A's intent to reach B."

A large number of cases are cited by Dean Prosser
in support, including cases concerning the liability
of abstractors of title.[3]

---

ment, or in a transaction in which he has a pecuniary interest,
supplies false information for the guidance of others in their business
transactions, is subject to liability for pecuniary loss caused to them
by their justifiable reliance upon the information, if he fails to
exercise reasonable care or competence in obtaining or communicat-
ing the information.

"(2) Except as stated in subsection (3), the liability stated in subsec-
tion (1) is limited to loss suffered

"(a) by the person or one of the persons for whose benefit and
guidance he intends to supply the information, or knows that the
recipient intends to supply it; and

"(b) through reliance upon it in a transaction which he intends the
information to influence, or knows that the recipient so intends, or in
a substantially similar transaction.

"(3) The liability of one who is under a public duty to give the
information extends to loss suffered by any of the class of persons for
whose benefit the duty is created, in any of the transactions in which
it is intended to protect them."

Illustration 8 reads:

"8. A, a title insurance company, negligently prepares an abstract
of the title to B's land, which shows that B has good title, although
his title is in fact defective. A knows that B intends to exhibit the
abstract to C Bank, as a basis for applying for a loan secured by a
mortgage on the land. In reliance upon the abstract, C Bank buys the
land from B for use as a parking lot, and as a result suffers pecuniary
loss. A is not liable to C Bank." Restatement of the Law Second,
Torts, Tentative Draft No 12, § 552, pp 14, 27.

[3] Among the cases cited by Dean Prosser holding that abstractors
are not liable are *Savings Bank v Ward*, 100 US 195; 25 L Ed 621
(1879); *Phoenix Title & Trust Co v Continental Oil Co*, 43 Ariz 219; 29
P2d 1065 (1934); *Peterson v Gales*, 191 Wis 137; 210 NW 407 (1926);

"The announcement in opposition to a large generally accepted body of precedent of new rules of law, without precedent (other than analogies) in any common-law jurisdiction * * * must be left to final courts of review." *Hollerud v Malamis,* 20 Mich App 748, 758–759 (1969).

I agree that the statute of limitations could not have run against the plaintiffs' action against defendant Polgar since the deed of conveyance Mr. and Mrs. Polgar agreed to deliver to the plaintiffs upon performance of their obligations as the purchasers under the land contract had not yet been executed.

I do not reach the other questions raised by defendant Polgar since the majority does not advert to them.

*Sickler v Indian River Abstract & Guaranty Co,* 142 Fla 528; 195 So 195 (1940).