(December 3, 1910.)

ISRAEL GAMBLIN, Respondent, *v.* M. M. DICKSON, Appellant.

[112 Pac. 213.]

CONVEYANCE OF REAL ESTATE—OBTAINED BY FRAUD—FINDING OF FACTS —SUFFICIENCY OF EVIDENCE—RESCISSION—TENDER.

(Syllabus by the court.)

    1. Evidence *held* sufficient to support the finding of facts.

    2. In an action for rescission of a contract, it is sufficient if the plaintiff makes offer to restore or to do equity in his complaint, as it is always within the power of the court to require that the person invoking equity shall do equity as a condition of relief, and the court may impose terms which may be just and equitable and may enforce compliance therewith.

    3. The rule is different in an action at law based upon a rescission of the contract by one of the parties, and such distinction

arises out of the difference between the powers of the two courts—equity and law.

4. In the case at bar the plaintiff has not attempted to abrogate or rescind the contract of sale by his own act, but has by this action sought to have it rescinded by judicial proceedings.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. Robt. N. Dunn, Judge.

Action to rescind a contract for the sale of real estate. Judgment for plaintiff. *Affirmed.*

Chas. L. Heitman, J. W. Merritt, and H. H. Taylor, for Appellant.

It is expressly alleged in the complaint that no tender or offer was made by respondent before the commencement of this action. Respondent did not offer nor attempt to return what he had received, or to put the parties *in statu quo.* The law is well settled that before a party is entitled to rescind a contract he must put, or offer to put, the other party *in statu quo* by full restoration of all he has received. The complaint, therefore, does not state a cause of action. (*Wood v. Nichols,* 6 Wash. 96, 32 Pac. 1055, 35 Pac. 140; *Bryant v. Stothart,* 46 La. Ann. 485, 15 So. 76; *Bird's Appeal,* 91 Pa. 68; *Reeves v. Corning,* 51 Fed. 774; *State v. Williams,* 39 Kan. 517, 18 Pac. 727; *Kelley v. Owens,* 120 Cal. 507, 47 Pac. 369, 52 Pac. 797; *Harkness v. Cleaves,* 113 Ia. 140, 84 N. W. 1033; *Herman v. Haffenegger,* 54 Cal. 161.)

B. S. Bennett, for Respondent.

It is not necessary where a party brings a suit to obtain a rescission of the contract that he should make a tender before the commencement of that suit, provided in his complaint he offers to make restoration of what he may have received, since the decree will require him to make restoration as a condition precedent to his having the relief. (24 Am. & Eng. Ency. of Law, 621, and notes.)

And where restoration has not been accomplished in fact, it is only required that the plaintiff shall make his offer to

restore or do equity in his complaint. (*Knappen v. Freeman,* 47 Minn. 491, 50 N. W. 533; *Nelson v. Carlson,* 54 Minn. 90, 55 N. W. 821; *Carlton v. Hulett,* 49 Minn. 308, 51 N. W. 1053; *Ludington v. Patton,* 111 Wis. 211, 86 N. W. 571; Fetter on Equity, p. 139; 6 Pomeroy's Eq. Jur., sec. 688; 6 Cyc. 313; *Martin v. Martin,* 35 Ala. 560; *Coffee v. Newsome,* 2 Ga. 442; *Wickiser v. Cook,* 85 Ill. 68; *McCorkell v. Karhoff,* 90 Iowa, 545, 58 N. W. 913; *Thayer v. Knote,* 59 Kan. 181, 52 Pac. 433; *Thomas v. Beals,* 154 Mass. 51, 27 N. E. 1004; *Jandorf v. Patterson,* 90 Mich. 40, 51 N. W. 352; *Kiefer v. Rogers,* 19 Minn. 32; *Maloy v. Berkin,* 11 Mont. 138, 27 Pac. 442; *Gould v. Cayuga County Nat. Bank,* 86 N. Y. 75; *Wells v. Houston,* 23 Tex. Civ. App. 629, 57 S. W. 584; *Crocker v. Oakes,* 106 Fed. 760; *Carlton v. Hulett,* 49 Minn. 308, 51 N. W. 1053; *Hansen v. Allen,* 117 Wis. 61, 93 N. W. 805; *Clark v. O'Toole,* 20 Okl. 319, 94 Pac. 547.)

SULLIVAN, C. J.—The respondent brought this suit for the purpose of having canceled and annulled a certain warranty deed conveying real estate in Bonner county to the appellant. It is alleged, among other things, in the complaint that the defendant through fraud and conspiracy procured the respondent to convey said land to him. The defendant answered and denied the material allegations of the complaint. The cause was tried by the court without a jury, finding of facts was made and judgment entered in favor of the respondent. A motion for a new trial was denied. This appeal is from the judgment and order denying a new trial.

It appears from the record that the respondent was the owner of seventy-eight acres of land bordering on Hayden Lake, Bonner county, and that the appellant desiring to purchase the same offered to trade the respondent for said land forty shares of stock in the Spokane and Big Bend Ry. Co., a corporation that had done certain things toward procuring a right of way for said road, but none of said road had been constructed. It appears that the stock was represented by the appellant to be of the value of $100 per share, when in fact it had no market value.

Upon all of the evidence introduced on the trial, in which there is a conflict, the court found upon all of the issues in favor of the respondent, and found that said railroad company at the time said exchange was made had little tangible property, and its franchises, contracts and property were not sufficient to give more than a nominal value to its stock, and at the time of making said transfer in June, 1907, it was of little or no value, and that it was of little or no value at the time of making said finding of facts, to wit, on the 25th of September, 1909.

On a careful examination of the evidence, we find that it fully supports and sustains the findings made by the court.

Errors are assigned in regard to the admission of certain testimony; in denying a motion to strike out certain testimony; denying a motion for a nonsuit, and also in refusing to admit certain testimony offered by the defendant. We are fully satisfied from an examination of the entire record that it contains no reversible error and that the assignments of error are not well taken.

*In limine,* counsel for appellant contends that before a party is entitled to rescind a contract, he must put, or offer to put, the other party *in statu quo* by a full restoration of all he has received. The rule there stated is applicable in cases where a rescission is made before an action is brought, but it is not necessary where a suit for rescission is brought. The correct rule is stated in 24 Am. & Eng. Ency. of Law, p. 621. The author there says:

"Whether the complainant in a suit for rescission must, as a condition precedent to relief, have offered or tendered restitution to the defendant prior to the beginning of the suit, is a matter upon which the authorities are conflicting. The rule of the better considered cases is, that it is sufficient that the plaintiff makes his offer to restore or to do equity, in his bill or complaint, and shows therein that he has substantially preserved the *status quo* on his part so as to be able to fulfill his offer. This rule proceeds upon the principle that it is always within the power of a court of equity to require that the person invoking its aid shall submit to equita-

ble terms as a condition of relief, and that the parties being properly before the court, the court may impose upon them any terms which may be just and equitable in the premises, and may enforce compliance therewith. It is conceded that the rule is different in actions at law based upon a rescission by the act of the party, but the distinction taken is based upon the difference in the powers of the two courts.''

In *Nelson v. Carlson,* 54 Minn. 90, 55 N. W. 821, the court held that where a party seeks the aid of a court to rescind a contract, it is not necessary that he previously attempt a rescission or make any tender to the other party, except where such tender is necessary to put the other party in default.

In *Carlton v. Hulett,* 49 Minn. 308, 51 N. W. 1053, it was contended that a restoration or tender should have been made before the action could be brought, but the court held against that contention in the following language:

''Authorities in support of respondent's position on this point are abundant, but are foreign to the case, because she has not attempted to abrogate and rescind the mortgage contract by her own act, but by judicial proceedings instead. In such cases, where one seeks the aid of a court to set aside and rescind a contract, it is not essential that he should have previously attempted a rescission, or should have made any tender to the other party, except when such tender is necessary to put the other party in default. By submitting her cause to the court, the plaintiff expressed a willingness to perform such conditions as it may regard necessary to impose as proper terms on which relief shall be granted. What such a plaintiff ought to do, and what he must do, to reinstate the other party *in statu quo,* as a condition for repudiation and rescission, is for the court, which always possesses the necessary power to determine the question.''

The same rule is adhered to in *Hansen v. Allen,* 117 Wis. 61, 93 N. W. 805, and in *Ludington v. Patton,* 111 Wis. 211, 86 N. W. 571. In the latter case the court clearly draws the distinction between a suit for a rescission of a contract on the ground of fraud and an action at law to recover back that which has been paid upon a contract void for fraud. The

latter contemplates a precedent rescission of the contract by act of the plaintiff, and an action in equity to rescind a contract invites and requires equity to effect that end, and looks to the decision in that action to accomplish it, and to impose such terms of rescission as may be deemed equitable under all of the facts in the case. The earlier decisions in California, Colorado and Washington and some other states would indicate that they were made without reference to the distinction above mentioned.

See, also, *Clark v. O'Toole*, 20 Okl. 319, 94 Pac. 547, where the rule here laid down is discussed at length and authorities cited.

The record shows that the respondent in the case at bar did offer to place the defendant *in statu quo,* not before the suit was brought, but afterward, and the decree entered required the plaintiff to pay to the defendant the sum of $500, with interest thereon at the rate of seven per cent from the time said money was paid by the appellant, and to deliver to the appellant forty shares of the capital stock of said railway company, and upon the payment of that amount and the delivery of said shares, within thirty days after the entry of said judgment, defendant was required to reconvey said land to the respondent.

We find no reversible error in the record and the judgment is affirmed, with costs in favor of respondent.

Ailshie J., concurs.