No. 22,304.

JOHN C. WEIGAND, *Appellee*, v. J. W. SHEPARD et al. (CLEMENT L. WILSON, *Appellant*).

### SYLLABUS BY THE COURT

1. PLEADINGS—*Action for Relief on the Ground of Fraud.* The petition considered, and *held,* its purpose was to state a cause of action for relief on the ground of fraud, which it clearly did.

2. SAME—*Relief on the Ground of Fraud—Statute of Limitations* The gravamen of the action being fraud, the statute of limitations applicable to actions for relief on that ground governs, although the petition discloses appropriation of property for the payment of which the law implies a contract.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion filed October 11, 1919. Reversed.

*E. D. McKeever,* of Topeka, *Carr W. Taylor,* of Hutchinson, *Elrick C. Cole,* and *William Osmond,* both of Great Bend, for the appellant.

*W. M. Glenn,* of Tribune, *Samuel Jones,* and *Ben Jones,* both of Lyons, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for depriving the plaintiff of property inherited from his father, Charles Weigand. A demurrer to the petition, filed by Clement L. Wilson, was overruled, and he appeals.

The petition may be summarized as follows: The plaintiff is a nonresident of the state. In June, 1915, he found his father, seventy-five years old, feeble and erratic in mind and suffering from disease, in bed, uncared for, and living alone in filth and squalor, in a one-room frame house near Horace, Kan. His father said the plaintiff visited him to get his property. The father had property worth about $7,000, and money on deposit in the bank of Tribune amounting to about $500. Charles Weigand had been treated by the defendant, J. W. Shepard, who is a physician, and the plaintiff consulted him. At the suggestion of Shepard, Clement L. Wilson, an attorney, was consulted. As a result of conferences with the physician

and the attorney concerning the best course to pursue, the plaintiff employed them to minister to his father's needs, to care for the property, and in case of his father's death, to settle the estate. A contract of employment was executed, which included a power of attorney to the physician and the attorney to do everything necessary to be done in the premises, and the plaintiff returned to his home. Charles Weigand was taken to a hospital, a surgical operation was performed, and he died. The plaintiff was sent for, and returned to Kansas, when he was told of his father's death. The plaintiff was without knowledge of law, and depended entirely on the advice, statements, and representations of the physician and the attorney. The defendant, William A. Sheppeard, was appointed administrator of the estate, the estate was hastily settled, and out of it the plaintiff received about $640. In March, 1916, the plaintiff discovered he was the victim of a conspiracy between the physician and the attorney, joined later by the administrator, to loot his father's estate. Securing the contract was the first step in execution of the conspiracy, and on learning the facts, the plaintiff canceled the contract and revoked the power of attorney. All the advice, statements, and representations of the physician and the attorney were deceitfully and fraudulently given and made, the settlement of the estate was a mere sham, and the plaintiff was cheated and swindled out of his property, by outrageous proceedings fully described, but which need not be detailed here. The prayer was for $7,000 actual damages and $20,000 punitive damages.

Even a cursory reading of the petition discloses that its purpose was to state a cause of action for relief on the ground of fraud, which it clearly did. The petition was filed on February 1, 1918, within the two-year period allowed for the commencement of actions for relief on the ground of fraud. Service was not obtained, however, until August 23, 1918, by means of a summons issued on that day; consequently the action, considered as one for relief on the ground of fraud, was barred by the statute of limitations.

It is insisted that the petition discloses appropriation of property by the defendants, to their own benefit, which the law implies they should pay for, and consequently, that the action may be maintained as one on implied contract. Such an ac-

tion may be brought within three years from the time the cause of action accrued.  According to the allegations of the petition, the appropriation was complete before August 4, 1915, and apparently the action was barred, even on the theory it was grounded on implied contract.  However this may be, the gravamen of the charge was fraud, and the statute of limitations applicable to actions for relief on that ground, governs. (*Orozem v. McNeill,* 103 Kan. 429, 175 Pac. 633.) ·

The brief of the plaintiff strives to avoid the conclusion reached in the decision of the case just cited.  The case was thoroughly considered, the opinion covers every phase of the subject, and. the court adheres to the rule announced.

The judgment of the district court is reversed, and the cause is remanded with direction to sustain the demurrer to the petition.