[Civ. No. 5935. First Appellate District, Division Two.—October 15, 1927.]

ASBJORN P. OUSDAL, Appellant, v. W. D. SANSUM, Respondent.

S. J. Bingham, W. J. Ford and Pierce Works for Appellant.

Heaney, Price & Postel for Respondent.

NOURSE, J.—Plaintiff sued for damages for an alleged libel on the part of the defendant. An amended demurrer to plaintiff's second amended complaint was sustained without leave to amend and thereafter judgment was entered in favor of the defendant for his costs. From this judgment plaintiff has appealed upon a typewritten judgment-roll.

The second amended complaint (which will hereafter be referred to as the complaint) alleges that the plaintiff had for a number of years prior thereto been a duly and regularly licensed physician under regulations of the state board of medical examiners and that he was also licensed by that board to practice as a drugless practitioner in this state; that both licenses were duly recorded in the office of the county clerk of Santa Barbara County; and that he had for some years past been engaged in the practice of his profession as a physician and surgeon and also as a drugless practitioner in said county. It was then alleged that during the month of July, 1924, one Alice V. Bradley was employed as a teacher in the Teachers' College at Santa Barbara, and that within one year prior to said date the plaintiff at the request of said Alice V. Bradley had given a series of lectures to the students of said Teachers' College, and that it was planned that the plaintiff would be again requested to give another series of lectures to said students; that about the fifteenth day of July, 1924, defendant "addressed to said Alice V. Bradley" a letter containing the following statement: "Relative to our conversation concerning A. P. Ousdal, I have again carefully gone through the directory of Physicians and Surgeons, Naturopaths, Drugless Practitioners, Chiropodists, Midwives, holding certificates issued under the Medical practice acts of the State of California including Licentiates in the Government service published by the Board of Examiners of the State of California. Ousdals name does not appear in the Physicians and Surgeons of Santa Barbara County or in the list of drugless healers. For your information there is only one licensed Drugless practitioner in the County of Santa Barbara, California. That individual being Malcolm J. Pearring."

By way of inducement complainant then alleges that the defendant intended to charge and mean, and intended to be understood and was understood by the reader thereof to charge and mean, that plaintiff by his practice as a drugless practitioner in the county of Santa Barbara was unlawfully, corruptly, and fraudulently engaged in practice without a valid license so to do and in violation of the laws of the state of California. A second and separate cause of action is pleaded which is identical with the first cause of action except that the letter which it is charged the defendant addressed to Alice V. Bradley reads: ''Relative to our conversation concerning A. P. Ousdal, for your information there is only one licensed drugless practitioner in the County of Santa Barbara, California. That individual being Malcolm J. Pearring.'' It will be noted that this letter consists of disconnected excerpts from the letter which is pleaded in the first cause of action.

On this appeal two points are advanced: One that the trial court erred in sustaining the demurrer to the second amended complaint, and, two, that the trial court had abused its discretion in sustaining the demurrer without leave to amend. A reading of the complaint forces the conclusion that it has been drawn with extreme care to avoid pleading all the facts and circumstances which, if pleaded, would have shown without a doubt that no cause of action existed. It is alleged that the letter was addressed to Alice V. Bradley, but it is not alleged that it was either sent or delivered to her; it is alleged that the defendant intended the letter to charge that plaintiff was practicing without a license and that it was so understood by the reader of the letter, but it was not alleged who it was who read the letter or what, if anything, was done by the defendant in the nature of a publication of the letter quoted. ■ When the language of the writing is susceptible of two meanings, one of them harmless and the other injurious, it is necessary for the plaintiff to plead by innuendo the facts upon which he relies to point out the injurious meaning of the writing. ■ This is particularly true when the words in question are not libelous *per se*, and this rule is applicable here because the inhibitions of the State Medical Act (Stats. 1917, p. 114) covering the practicing of a system of treating the sick without having an unrevoked certificate do not

cover the case of one practicing his profession without having his name inserted in the official directory.

Where, therefore, an innuendo is necessary in a complaint for libel the question whether the matters therein alleged are fairly warranted by the writing in question is one of law for the court to determine rather than one of fact to be left to the jury. If, therefore, at the close of plaintiff's case the court should determine that the innuendo is not warranted by the writing, the cause should not go to the jury.

A fair construction of the letter is that the defendant had carefully examined the directory of physicians and surgeons published by the state board of medical examiners and that he failed to find plaintiff's name in that directory as a licensed physician or as a licensed drugless practitioner, but that he did find in said directory the name of Dr. Pearring as the only one listed as entitled to practice as a drugless practitioner in Santa Barbara County. The defendant did not draw conclusions from these facts that the plaintiff was practicing without a license, but merely conveyed the information which he had obtained from this official publication on to the party to whom his letter was addressed. This being the fair interpretation of the writing the trial court was not bound by the plaintiff's allegations of what he believed the defendant intended to charge or mean as there is nothing in the writing from which an ordinary person could draw any other conclusion than that the defendant was merely conveying to the addressee of the letter the result of his examination of the official directory. Thus if the cause had gone to trial and the plaintiff had proved nothing more than the matters alleged in his complaint, it would have been incumbent upon the trial court to determine whether the letter, as explained by the averments, was libelous, and if it should have determined that it was not libelous as a matter of law, then the case should have been taken from the jury. Though under a liberal view of the complaint it might be said that it pleads facts sufficient to permit plaintiff to put in his evidence, under our course of procedure, where it is incumbent upon an appellant to show prejudice arising from the claimed error, we are unable to perceive how the plaintiff has suffered by the ruling on the demurrer rather than at a later stage of the proceedings.

■ The argument is made that the trial court abused its discretion when it sustained the demurrer without leave to amend. It· should be noted that the demurrer to the second amended complaint was both general and special. In the special demurrer particular attention was directed to the failure of the plaintiff to plead the essential facts of publication. This demurrer was filed on February 24, 1925, and was sustained on May 4th of the same year. The plaintiff had made three attempts to plead his cause of action and he is not in a position to say that his attention was not directed to the failure of his pleading in ample time to have permitted an amendment or at least a request for leave to amend long before the trial court sustained the demurrer and entered the judgment. The plaintiff has cited a number of cases to the point that when a demurrer is sustained because of defects in the pleading which could be readily cured by amendment the trial court should grant leave to amend, but the cases are not applicable here. As the order was made upon the second amended complaint after the plaintiff had been given ample notice of the ob-- jections which were to be raised to his pleading and had failed to request leave to amend from the trial court, we are satisfied that the court's discretion was properly exercised.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 12, 1927.