[Civ. No. 9867. First Appellate District, Division One.—July 31, 1936.]

W. E. AGEE et al., Appellants, v. VIRDEN PACKING COMPANY (a Corporation), Respondent.

F. W. Sawyer for Appellants.

James, Brann & Rowe for Respondent.

KNIGHT, J.—Defendant's demurrer to the amended complaint was sustained and subsequently the trial court denied leave to amend a second time. Judgment of dismissal followed, from which plaintiffs have taken this appeal. We find no error in the trial court's rulings.

The action was instituted by 144 persons as plaintiffs to recover from the defendant corporation the sums of money alleged to have been paid by them respectively for defendant's capital stock, upon the ground that the sales were fraudulent. The allegations of the 144 separate causes of action embodied in the amended complaint are exactly alike except as to names and amounts. It was alleged therein that defendant falsely represented that the stock "was a valuable investment", that it "would constantly yield and pay yearly large dividends", and that the corporation would erect and operate stockyards and a packing plant in the vicinity of Sacramento where plaintiffs could market their products; also that defendant violated the condition imposed by the corporation commissioner in that it failed, at any time prior to the consummation of the stock sales, to exhibit or deliver to any of the plaintiffs a copy of the commissioner's permit authorizing the sale. It was further alleged, however, that all of the stock transactions had with plaintiffs were consummated between the years 1919 and 1923, inclusive; whereas notice of rescission was not served until February 4, 1932. ██ In other words it affirmatively appears that plaintiffs allowed a period of time ranging from nine to thirteen years to elapse before

seeking relief in a court of equity. Under such circumstances it was essential, in order to escape the effect of the statute of limitations, to plead facts and circumstances tolling the statute; and plaintiffs made no attempt whatever so to do. Consequently defendant's demurrer, which was based upon the grounds, among several others, that the action was barred by the statute of limitations and by plaintiffs' laches, was properly sustained. (Code Civ. Proc., subd. 4, sec. 338; *Lady Washington C. Co.* v. *Wood*, 113 Cal. 482 [45 Pac. 809].) As held in the case just cited, the right of a plaintiff to invoke the aid of a court of equity for relief against fraud after the expiration of three years from the time the fraud was committed is an exception to the general statute on that subject and cannot be asserted unless the plaintiff brings himself within the terms of the exception by pleading facts showing the times and the circumstances under which the facts constituting the fraud were brought to his knowledge so that the court may determine whether the discovery of these facts was within the three-year period next preceding the commencement of the action. And if no such facts are pleaded it will be presumed that the complainant knew whatever with reasonable diligence he might have ascertained concerning the fraud of which he complains. (*Lataillade* v. *Orena*, 91 Cal. 565 [27 Pac. 924, 25 Am. St. Rep. 219]. To the same effect also, see 16 Cal. Jur., p. 623, sec. 217, and cases cited under note 3, p. 624; also cases cited under same section in vol. 7 Cal. Jur. Ten-year Supp., pp. 649, 650.)

Where as in the case of *MacDonald* v. *Reich & Lievre, Inc.*, 100 Cal. App. 736 [281 Pac. 106], recovery of the purchase price of stock sold in violation of law beyond the period of the statute is made the subject of a common count which alleges merely that the defendant became indebted to the plaintiff for money had and received within two years next preceding the commencement of the action, a different rule of pleading prevails for the reason that the bar of the statute does not appear on the face of the complaint. Here, however, we are not dealing with a common count. Both the original and amended complaint declare directly on fraud, wherein the alleged failure to exhibit or deliver said permit is pleaded as a fraudulent act along with the alleged making of the misrepresentations as to the value of the

stock. Moreover, throughout their brief plaintiffs treat it as such. Therefore, as pointed out in the MacDonald case, *supra*, when the latter form of complaint is adopted the rules of pleading governing fraud cases must be applied.

The contention plaintiffs make in support of their appeal is that in cases of fraud the cause of action accrues at the time of rescission and not at the time of the discovery of the fraud; and that consequently since the action herein was commenced only ten days after rescission, it was not barred by the statute. Such, however, is not the law. Both by statute and judicial decision it has been long since declared that a cause of action for fraud accrues immediately upon the discovery of the facts constituting the fraud (subd. 4, sec. 338, Code Civ. Proc.; *Hines* v. *Brode*, 168 Cal. 507 [143 Pac. 729]; see, also, authorities, hereinabove cited), and that unless the action for relief is commenced within three years thereafter, it is barred. (16 Cal. Jur., p. 499, and cases cited in note 17, 7 Cal. Jur. Ten-year Supp., p. 628.) The three cases cited and relied upon by plaintiffs were not fraud cases, but were actions involving the breach of executory contracts subsequently rescinded on the ground of failure to perform. Admittedly in such cases the cause of action for relief does not accrue until rescission, provided notice thereof is promptly given. (Civ. Code, sec. 1691.) In two of the cases thus cited (*Rose* v. *Foord*, 96 Cal. 152 [30 Pac. 1114], and *Richter* v. *Union Land & Stock Co.*, 129 Cal. 367 [62 Pac. 39]), the facts are fully set forth in the opinions. In the third case, *Taback* v. *Greenberg*, 108 Cal. App. 759 [292 Pac. 279], no facts whatever are stated showing the grounds of rescission, but it appears from the forepart of the opinion that the specific contention there made in support of the appeal was that plaintiff did not rescind within a reasonable time "after her discovery that the contract had partially failed". Furthermore, that case was decided on the authority of the Rose and Richter cases, *supra*, and purports to apply the same rule, from which it may be assumed that it was based on a similar state of facts, namely, for failure to perform and not fraud. And to confirm this assumption defendant herein has set forth in its brief the essential facts in the Taback case as they were disclosed by the record on appeal, from which it appears that it was not an action for relief on the ground

of fraud but one brought by a vendee to recover a down payment made under an executory contract for the sale of land which the vendee subsequently rescinded upon the ground that the vendor failed to perform certain conditions imposed upon him by the contract relating to the cultivation of the land. In any event, in the absence of a recital of any facts in the opinion, that part of the decision relied on by plaintiffs cannot be construed as intending to announce a new rule in fraud cases contrary to the one prescribed by the code sections themselves and the unbroken line of decisions in this state to the effect that an aggrieved party must not only rescind promptly upon discovery of the fraud, but must commence his action for relief within three years after such discovery; otherwise his action is barred.

Nor under the circumstances disclosed by the record can it be held as a matter of law, as plaintiffs contend, that the trial court abused its discretion in refusing their motion for leave to prepare and file a second amended complaint. The same questions of laches, statute of limitations, and failure to allege facts to toll the statute or to excuse the delay of nine to thirteen years in seeking relief, were raised on general and special demurrer to the original complaint. Nevertheless, in amending, no effort whatever was made to comply with the legal rules above mentioned requiring allegations of facts and circumstances to bring the case within the maximum period of the statute; all that plaintiffs did was to segregate the 144 causes of action which were theretofore embodied in one count and state them in separate counts. Therefore the trial court was justified in assuming that the same defects which again appeared in the amended complaint arose from a want of such facts rather than from any fault on the part of the pleader (21 Cal. Jur. 122) ; and this assumption appears to be fully confirmed by the position taken by plaintiffs on this appeal that such allegations were not necessary, that the statute did not start to run until rescission. However, ample notice having been given of such defects and no attempt being made thereafter to cure them, plaintiffs cannot justly complain of the refusal to allow a second amendment. (*Ousdal* v. *Sansum*, 86 Cal. App. 119 [260 Pac. 322].)

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.