192 P.2d 856

**THOMAS v. GORDON et al.**

No. 7422.

Supreme Court of Idaho.

April 24, 1948.

McCall & Thatcher, of Salmon, for appellant.

Robert M. Kerr, Jr., of Blackfoot, for respondent.

GIVENS, Chief Justice.

November 12, 1942, appellant and respondents entered into a written contract for the sale by respondents to appellant of certain real property for $500.00 then paid, further payments and the assumption of a mortgage in favor of the Federal Land Bank of Spokane.

January 26, 1943, appellant, claiming respondents had fraudulently and falsely represented there were no past due payments on said mortgage at the time of the contract, ascertained there were and being unable to pay them and the required payment under the contract, gave written notice of rescission and demanded the return of the $500.00.

Respondents not complying with such repayment request, appellant brought suit November 9, 1946, to recover the $500.00. The trial court sustained respondents' demurrer on the ground appellant's action, though in form on a common money count based on rescission, was in substance for relief on the ground of fraud, and since it appeared upon the face of the amended

complaint that it had been brought more than four years after the rescission, was barred by Section 5-218, subd. 4, I.C.A. [1]

Appellant contends his action is on a common money count based on the implied contract to repay arising from the rescission and therefore as to limitation is governed by Section 5-217, I.C.A. [2]

Conceding the tort may be waived, Davidson Grocery Co. v. Johnston, 24 Idaho 336, 133 P. 929, Ann.Cas.1915C, 1129, and suit be brought on an implied contract to recover money which in equity and good conscience respondents should not retain, Ex parte Williams, 63 Okl.Cr. 395, 75 P.2d 904, 907; also that appellant could rescind by notice and need not sue for rescission, Gamblin v. Dickson, 18 Idaho 734, 112 P. 213, and suit for recovery of consideration on such rescission is an alternate remedy, Breshears et al. v. Callender, 23 Idaho 348, 131 P. 15; to justify and sustain rescission, appellant must prove the fraud which he had to allege, Moser v. Pugh-Jenkins Furniture Co., 31 Idaho 438, 173 P. 639, L.R.A.1918F, 437.

This court early committed itself and has adhered to the doctrine that the substance, not the form of the action, controls and determines the applicable statute of limitations. Hillock v. Idaho Title & Trust Co., 22 Idaho 440, 126 P. 612, 42 L.R.A.,N.S., 178.

The only basis or ground for recovery is the fraud. Fraud, therefore, is the gravamen of the action and is not merely incidental. Independent School Districts etc. v. Common School Dist. No. 1, 56 Idaho 426, 55 P.2d 144, 105 A.L.R. 1267.

The precise point herein was thoroughly investigated, discussed, and after a completely comprehensive review of applicable authorities, rejected in Common School Dist. No. 18 v. Twin Falls Bank & Trust Co., 52 Idaho 200, 12 P.2d 774. This court has twice followed and affirmed the doctrine of the above case in Trimming v. Howard, 52 Idaho 412, 16 P.2d 661, and Davidson v. Davidson, 68 Idaho 58, 188 P.2d 329. That case, therefore, is completely controlling and it is unnecessary to again consider the point—it being sufficient to advert to a few authorities not noted therein, which in substance tend to sustain the ruling therein and respondents' position. [3]

---

[1] "Within three years:

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

"4. An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Section 5-218, I. C. A.

[2] "Within four years:

"An action upon a contract, obligation or liability not founded upon an instrument of writing." Section 5-217, I. C. A.

[3] Weigand v. Shepard, 105 Kan. 405, 184 P. 722. Question noted in 97 A.L.R. 251, citing Robertson v. Dunn, 1882, 87 N. C. 191. Taback v. Greenberg, 108 Cal. App. 759, 292 P. 279, sustaining appellant, has been considered non-supporting in Agee et al. v. Birden Packing Co., 15 Cal. App.2d 691, 59 P.2d 1058.

Appellant slept upon his rights and by his own laches has lost the right to recover the down payment.

The judgment is, therefore, affirmed. Costs awarded to respondents.

BUDGE, HOLDEN, MILLER, and HYATT, JJ., concur.

