506 P.2d 95

Nacele STEWART et al., Plaintiffs
and Appellants,

v.

HOOD CORPORATION, a California corporation, licensed to do business in the State of Idaho, et al., Defendants,

Nordberg Manufacturing Company, a Wisconsin corporation, licensed to do business in the State of Idaho, et al., Respondents.

No. 10563.

Supreme Court of Idaho.

Feb. 8, 1973.

Robert McLaughlin, Mountain Home, for plaintiffs and appellants.

A. C. Kiser, Boise, for respondents Hood Corp., Hoodco Farms, Inc., and Indian Hills Irrigation Co.

Anderson, Kaufman, Anderson & Ringert, Boise, for respondents Ore-Ida Motors, Inc., G. A. Masterson, and A. J. Jolley.

Hawley, Troxell, Ennis & Hawley, Boise, for defendants Wallace Reed and R. T. Michener.

Holden, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for defendants George Crapo and Blaine Garn.

Elam, Burke, Jeppesen, Evans & Boyd, Boise, for respondent Nordberg Manufacturing Co.

Moffatt, Thomas, Barrett & Blanton, Marcus & Marcus, Boise, for respondent Intermountain Gas Co.

Petersen, Moss & Olsen, Idaho Falls, for respondents Myrtle Reed and Robert Schwarze.

SHEPARD, Justice.

This is an appeal taken from summary judgment granted in favor of defendants. The litigation arose out of an attempt to perfect desert entries on the Indian Hill plateau above the Snake River in Owyhee County. The entries were made pursuant to the Desert Lands Act, 43 U.S.C. § 321 et seq. A plan was conceived to farm Indian Hill by pumping irrigation water up the steep side of the Snake River Canyon and applying it to the arid plateau land. Plaintiffs were sublessees of certain of the desert entry lands during the 1963 crop season. Their crops failed and at the end of 1963 plaintiffs left Indian Hill at the request of the sublessors. Plaintiffs filed this action seeking to recover damages for their crop failures.

On February 6, 1963, defendants-respondents R. T. Michener and Wallace Reed, who were desert entrymen, leased a portion of their entries to defendants-respondents Ore-Ida Motors, Inc., G. A. Masterson and A. J. Jolley. On February 11, 1963, Jolley, in turn, subleased a portion of those lands to C. D. Stewart, P. R. Stewart and C. J. Stewart. In May 1963 Wallace Reed and R. T. Michener terminated the February 6, 1963 lease to Jolley. However, Reed and Michener agreed to continue to respect the Jolley-Stewart sublease.

The original complaint was filed on January 8, 1968, purporting to set forth two causes of action. The first was founded in fraud and alleged that the defendants made certain misrepresentations concerning the water supply for the desert entry lands. The plaintiffs claimed they entered into the sublease in reliance on these representations. The second cause of action stated that defendants wrongfully terminated the Jolley-Stewart sublease by requiring plaintiffs to quit the premises.

An amended complaint was filed January 20, 1969, essentially reiterating the causes of action of the original complaint and adding new allegations that the defendants had fraudulently misrepresented their marital status. Upon motion and following hearing the trial court granted summary judgments in favor of all the defendants except defendant Nordberg Manufacturing Company. Nordberg moved for, and was granted, an order of dismissal. Plaintiffs have appealed from the summary judgments but have not assigned as error the order of dismissal in favor of Nordberg.

We note that prior to the oral argument in this matter the plaintiffs moved to dismiss the appeal as to defendants Myrtle Reed and Robert Schwarze. This motion was opposed by defendant Nordberg Manufacturing Company. Our disposition of this case today makes it unnecessary for us to rule on plaintiffs' motion to dismiss the appeal.

At the outset plaintiffs in their assignments of error question certain findings and conclusions utilized by the trial court in reaching his decision to grant summary judgment. Rule 52(a), I.R.C.P. expressly provides that findings of fact are not necessary in deciding motions under Rule 56. As stated in 3 Barron & Holtzoff, Fed. Practice and Procedure, (Wright ed. 1958) § 1242, pp. 201–202:

"Logically, findings of fact should not be made in disposing of motions for summary judgment. Findings are appropriate only in deciding issues of fact. In granting a motion for summary judgment, however, the court merely rules that there are no material issues of fact and decides questions of law. In denying such a motion, the court holds that there are material issues of fact to be tried, but does not decide them. But despite logic, there is no objection to a court making findings of fact if it wishes to do so, in granting a motion for summary judgment. Such findings may well be helpful to the appellate court in

making clear the basis for the trial court's decisions. Findings gratuitously made, however, are not entitled to the respect which an appellate court is required to give findings made pursuant to Rule 52(a)." *See also:* 6 Moore's Federal Practice, (2d ed. 1948) ¶56.27 [1].

Rule 56(c) I.R.C.P. provides in pertinent part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Rule 56, I.R.C.P. is closely analogous to Rule 56 of the Federal Rules of Civil Procedure. A leading commentator on the federal rules made the following observations concerning the matters reviewable on an appeal from a summary judgment:

"Where a timely appeal is taken from an appealable order granting summary judgment, the appellate court in reviewing must determine whether there is any genuine issue of material fact underlying the adjudication, and, if not, whether the substantive law was correctly applied." 6 Moore's Federal Practice (2d ed. 1948) ¶56.27 [1], p. 2973.

■ In ruling on an appeal from a summary judgment we will only determine:

1. Whether there is a genuine issue as to any material fact; and

2. Whether the moving party is entitled to judgment as a matter of law. Rule 56(c) I.R.C.P. *See:* Crane v. Banner, 93 Idaho 69, 455 P.2d 313 (1969); Collord v. Cooley, 92 Idaho 789, 451 P.2d 535 (1969); Malone v. Continental Life & Acc. Co., 89 Idaho 77, 403 P.2d 225 (1965).

Although the District Court purported to make findings of fact and conclusions of law in the instant case, such findings are not binding upon this court. Such findings and conclusions are merely gratuitous. We have reviewed the record in the matter and conclude that the trial court correctly ruled that no genuine issue of material fact existed in the instant case. The sole question therefore is whether the moving parties were entitled to summary judgment as a matter of law.

The defendants raised the affirmative defense of the statute of limitations in their motions for summary judgment. This court has not specifically held that the statute of limitations may be raised on a motion for summary judgment. We have, however, recently held that other affirmative defenses may be raised on such a motion.

"Although this question has not been previously presented to this court, numerous federal decisions have held that if a party moves for summary judgment on the basis of an affirmative defense which entitles him to judgment as a matter of law, and if there is no genuine dispute of material fact as to that defense, even though a dispute of fact may exist as to the merits of the plaintiff's claim, summary judgment should be granted. (Citations omitted)" Collord v. Cooley, 92 Idaho at 792, 451 P.2d at 538.

■ It is our judgment that the better reasoned cases hold that the statute of limitations may be raised in a motion for summary judgment and today we adopt that rule in Idaho. 6 Moore's Federal Practice, *supra,* ¶56.17 [58] and cases cited therein. *See also:* Annotation 61 A.L.R.2d 341.

We now turn to the defendants' affirmative defense that the statute of limitations barred plaintiffs' claim. We must determine whether any issue of material fact existed pertaining to this defense, and, whether defendants were entitled to summary judgment as a matter of law.

Examination of plaintiffs' amended complaint indicates conclusively that plaintiffs' first cause of action is founded in fraud, and plaintiffs do not contest this point. Plaintiffs argue however that the second cause of action for wrongful termination of the Jolley-Stewart sublease is a suit on a written instrument and therefore gov-

erned by the five year statute of limitations found in I.C. § 5–216.

 aforesaid, this action arose out of the failure of plaintiffs' farming attempt in 1963. The failure allegedly was caused by an inadequate supply of irrigation water. In their amended complaint, plaintiffs reassert the first cause of action and claim wrongful termination of the Jolley-Stewart sublease. Thereafter plaintiffs claim that the defendants knowingly misrepresented material facts concerning both the adequacy of the water supply and the validity of the defendants' lease. Plaintiffs further allege that defendants intended that the plaintiffs rely on their representations, that plaintiffs did not know the representations were false, that plaintiffs relied on the representations both in entering into the sublease and in farming Indian Hill, that plaintiffs had a right to so rely and that plaintiffs were damaged as a result of their reliance. It is apparent that plaintiffs' amended complaint in its entirety sets out the elements of an action sounding in fraud. *See:* Schoenick v. Smalley, 93 Idaho 786, 473 P.2d 928 (1970); Callahan v. Wolfe, 88 Idaho 444, 400 P.2d 938 (1965); Andrus v. Irick, 87 Idaho 471, 394 P.2d 304 (1964).

> "This court early committed itself and has adhered to the doctrine that the substance, not the form of the action, controls and determines the applicable statute of limitations." Thomas v. Gordon, 68 Idaho 254, 256, 192 P.2d 856, 857 (1948); *citing* Hillock v. Idaho Title & Trust Co., 22 Idaho 440, 126 P. 612 (1912).

In Hillock v. Idaho Title & Trust Co., *supra,* this court said:

> "On the other hand, subdivision 4 of section 4054, [I.C. § 5–218 subd. 4] fixing the limitation at three years upon actions for relief on the ground of *fraud or mistake,* has no more reference to a fraud or mistake arising independent of contract than it has to a fraud or mistake occurring in or arising out of a contract.

Indeed, the mistake referred to in this provision of the statute will ordinarily occur in a contract of some kind or other. The test, therefore, under subd. 4 of section 4054, is not whether the fraud or mistake occurred in a contract or independently of contract, but the test rather is whether the action seeks relief from or on account of a *fraud or mistake.*" (emphasis in original) 22 Idaho at 450, 126 P. at 616.

Since the gravamen of plaintiffs' amended complaint presents a suit founded in fraud, their action is controlled by our three year statute of limitations for fraud: I.C. § 5–218, subd. 4. The statute of limitations for fraud begins to run when plaintiffs have knowledge of facts sufficient to put a reasonably prudent person on notice that fraud has occurred. Parish v. Page, 50 Idaho 87, 293 P. 979 (1930); Williams v. Shrope, 30 Idaho 746, 168 P. 162 (1917).

[4] the facts in the instant case in the light most favorable to plaintiffs, we find there is no factual dispute that plaintiffs had notice of the purported fraud at least by the time their crops failed at the end of the 1963 crop season. The statute of limitations started running at that time and the statute was not tolled until the original complaint was filed on January 8, 1968. Therefore, plaintiffs' action was barred by the three year statute of limitations. I.C. § 5–218, subd. 4.

[5] ██ the instant case, defendants moved for summary judgment on the ground, among others, that plaintiffs' action was barred by the statute of limitations. Defendants' motions were supported by affidavits. Nowhere have plaintiffs by affidavit or otherwise alleged any facts sufficient to controvert defendants' assertion that plaintiffs' action was barred by the statute. Summary judgment is properly granted in favor of a defendant where a plaintiff fails to controvert defendant's assertion in motions and affidavits that defendants are entitled to judgment as a matter of law. Rule 56(e), I.R.C.P.; Tafoya

v. Fleming, 94 Idaho 3, 479 P.2d 483 (1971). *Also see:* Barton v. Cannon, 94 Idaho 422, 489 P.2d 1021 (1971).

The judgment is affirmed. Costs to respondents.

DONALDSON, C. J., McQUADE and McFADDEN, JJ., and SCOGGIN, District Judge, concur.