580 P.2d 849

Frank BARNETT, Lee Burgoyne, Bob Cliff, Garry Corder, Vic Cummins, Ralph Ford, Ervin Hand, Collins Helms, Kenneth L. Johnston, Jim L. Kistler, Roy Lindell, Clifford L. McClure, Stan Moore, Robert Meyers, Dale Newbry, David Perkins, Cliff Sharp, Bill Stonemets, Nancy Trueblood, Joseph L. Young, Edward T. Johnson, Chad Browning, Chester Hostetler, Tim Qualls, Plaintiffs-Appellants,

and

C. C. Berkey, Arnold Bryson, William J. Horsley, Chester Moore, E. W. Morse, Earl Newnham and Dave Johnson, Plaintiffs,

v.

AETNA LIFE INSURANCE COMPANY, a Foreign Corporation, Defendant-Respondent.

No. 12428.

Supreme Court of Idaho.

June 26, 1978.

Jay Dee May, of May, May, Sudweeks & Fuller, Twin Falls, for plaintiffs-appellants.

James B. Lynch, of Imhoff, Lynch & Davis, Boise, for defendant-respondent.

DONALDSON, Justice.

In 1963 the City of Twin Falls was considering retirement programs for its employees. Sometime in late August or early September 1963, two meetings were held to explain the Aetna retirement program to the city employees. These meetings were attended by some of the named plaintiffs, city employees, and representatives from Aetna Insurance Company. At these meetings, concern was expressed as to the disposition of the contributions paid in should the city later join the state's retirement plan. According to testimony, the Aetna representative assured the employees that their contributions would be returned to them. The city did enter into a contract with Aetna establishing a retirement program.

By January of 1971 the city changed to the state retirement program and the city employees became eligible to join the state program. After the change, Aetna refused to return the contributions of the employees. Aetna chose to follow the terms of the contract and pay retirement benefits when they accrued. Some of the employees, the plaintiffs here, contacted an attorney to help them get their money back. In April and May of 1971, the attorney wrote Aetna demanding return of the moneys. Aetna replied in a letter on May 14, 1971 refusing the demand. On October 21, 1971 the plaintiffs' attorney informed them by letter of this refusal. On that same date the plaintiffs wrote letters to their Congressman and to the State Insurance Commissioner about the problem.

Plaintiffs filed this action against Aetna on June 3, 1974. Trial was held in district court and the plaintiffs presented the testimony of thirty witnesses. At the close of the plaintiffs' case in chief, Aetna moved to dismiss the claim pursuant to I.R.C.P. 41(b) and 50(a). In this oral motion, the grounds given were: (1) many of the plaintiffs did not directly receive any promises from Aetna agents; (2) many of the plaintiffs enrolled in the plan as a mandatory condition of employment and therefore did not rely upon any representations from Aetna; (3) all causes are barred by the Statute of Limitation of three years; (4) essential plaintiffs are absent, the wives of the plaintiffs, etc.; (5) plaintiffs have not established that they are entitled to any damages; (6) the contract between the city and Aetna was not introduced in evidence.

The court granted this motion and dismissed the causes of action on September 7, 1976. Although no reasons were given in the order, the judge believed the Statute of Limitations had run.

The plaintiffs appeal from this dismissal, listing six assignments of error. Because we hold that the Statute of Limitations had run only that issue is addressed.

The Statute of Limitations for an action for relief on the ground of fraud or mistake is three years. I.C. § 5–218. The trial court below applied this three year Statute of Limitations. Plaintiffs-appellants contend that the court below should have applied the five year Statute of Limitations that governs an action based on a written contract. I.C. § 5–216.

The plaintiffs-appellants argue that Aetna "made certain fraudulent misrepresentations which induced them to enter into the written agreement by way of approving the retirement program and authorizing the deductions from their paychecks." This theory is not supported by the evidence.

■ The plaintiffs-appellants have not shown what part, if any, they played in approving the contract between the City of Twin Falls and Aetna Life Insurance Company. The contract was neither offered nor admitted into evidence below and is not in the record. The burden is on the appellants to show this connection and they have not met this burden. *Holman v. Sorenson,* 556 P.2d 499 (Utah 1976); *Close v. Rensink,* 95 Idaho 72, 501 P.2d 1383 (1972).

■ The substance, not the form, of the action controls and determines the applicable Statute of Limitations. *Stewart v. Hood Corp.,* 95 Idaho 198, 506 P.2d 95 (1973); *Thomas v. Gordon,* 68 Idaho 254, 192 P.2d 856 (1948).

"The test . . . is not whether the fraud or mistake occurred in a contract or independently of contract, but the test rather is whether the action seeks relief from or on account of fraud or mistake." *Hillock v. Idaho Title and Trust Co.,* 22 Idaho 440, 450, 126 P. 612, 616 (1912).

■ Even though the plaintiffs-appellants have amended the complaint to include the contract theory, the action still sounds in fraud. Count I states the basis for plaintiffs' claim.

That sometime prior to the first day of September, 1963, defendant, or defendant's agent, in order to induce certain plaintiffs to enter into a certain retirement insurance program with said defendant, did falsely and fraudulently represent to certain plaintiffs that should a

state funded retirement program become available to the Twin Falls City employees, and should said employees wish to transfer to said state funded program, that all funds paid into defendant's retirement insurance program prior to said employees' request for transfer, would immediately be refunded at no additional cost.

The basis of plaintiffs-appellants' claim for relief is the fraudulent misrepresentations of Aetna. In holding the three year fraud Statute of Limitations applied to an action based on fraudulent misrepresentation concerning a mortgage contract, this Court said:

> It is true that plaintiff may either sue in tort or may waive the tort and sue on the implied contract for money had and received. The election is immaterial so far as an application of the appropriate statute of limitations is concerned, since the substance of the action governs the latter consideration and not the form.

*Common School Dist. No. 18 v. Twin Falls Bank & Trust Co.,* 52 Idaho 200, 202, 12 P.2d 774, 775 (1932).

The plaintiffs-appellants are attempting to recover on a contract to which it is not shown they were a party. The fact that appellants did not enter the contract into the record below amplifies the fact that they are seeking relief from the alleged fraud. The appellants had not shown any contractual duty owed them by Aetna. The trial court was correct in applying the three year fraud Statute of Limitations.

Affirmed. Costs to respondent.

SHEPARD, C. J., McFADDEN and BISTLINE, JJ., concur.

BAKES, Justice, specially concurring in part and dissenting in part:

For several reasons I disagree with the approach taken by both the trial court and the majority of this Court in disposing of this case. First, at the close of the plaintiffs' case the trial court should have dismissed the case as to plaintiffs Dave Johnson and Dave Perkins without reaching the issue whether the statute of limitations had run on the claims of these two plaintiffs since these plaintiffs presented absolutely no evidence to support their claims.

Second, I disagree with the manner in which the trial court and the majority of this Court resolved the issues concerning the statutes of limitations. In their complaint the plaintiffs alleged four separate counts as grounds for recovery. In Count I the plaintiffs sought recovery on the ground that the defendant fraudulently misrepresented the terms of the retirement program in order to induce them to join that program. In Count II the plaintiffs sought recovery on the ground that the defendant unlawfully converted to its own use the plaintiffs' funds. In Count III the plaintiffs sought rescission of the retirement contract because of mistake and a lack of a meeting of the minds of the parties. In Count IV the plaintiffs sought a refund of their contributions on the ground that they "reasonably expected" that their contributions would be returned to them in the event the city elected to participate in a state-funded retirement program. While I concur with most of the result the majority reaches, I object to the mode of analysis employed by the majority in reviewing this case. The majority has apparently lumped all four of the alleged causes of actions together and then decided that the action as a whole sounds in fraud and therefore applied the three year fraud statute of limitations to all four claims. This approach may have been proper at common law or even in code pleading times when parties were required to elect between suing in tort or contract, *see Common School Dist. No. 18 v. Twin Falls Bank & Trust Co.,* 52 Idaho 200, 12 P.2d 774 (1932) (trial court refused to allow plaintiff to amend complaint to charge breach of implied contract on the ground that plaintiff had elected to sue in tort); but it is clearly not proper under our present rules of practice, pleading and procedure which permit a party to "state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both." I.R.C.P. 8(e)(2). *See* 5 C. Wright &

A. Miller, Federal Practice & Procedure: Civil §§ 1282, 1283 (1969). One set of circumstances will frequently give rise to more than one cause of action, and each of those causes of action may have its own prescriptive period.

The proper approach for reviewing this case, which is consistent with the pleading practice prescribed by our present rules, is to examine separately the claims for relief set out in each count of the plaintiffs' complaint and determine which prescriptive period applies to each claim and whether the claim is therefore barred.

Following this approach to the case, Count I of plaintiffs' amended complaint is clearly "[a]n action for relief on the ground of fraud or mistake" and therefore subject to the three year statute of limitations. I.C. § 5–218(4). In Count II the plaintiffs alleged that the defendant had unlawfully converted funds of the plaintiffs to the defendant's own use. However, the crux of Count II is whether the defendant had unlawfully obtained those funds through the alleged fraudulent misrepresentations. Therefore the three year statute of limitations for fraud actions is applicable to Count II as well. In Count III the plaintiffs sought rescission of the retirement program contract because of mistake. The three year statute of limitations stated in I.C. § 5–218 applies to claims for relief grounded on either "fraud or mistake." I.C. § 5–218(4). The law in Idaho, as well as other jurisdictions, is that where a party seeks rescission or cancellation of an instrument because of fraud or mistake, the fraud or mistake statute of limitations applies to the action if the fraud or mistake is the gravamen of the action, but the fraud or mistake statute of limitations does not apply if the alleged fraud or mistake is only incidental to the action. *See Stewart v. Hood Corp.,* 95 Idaho 198, 506 P.2d 95 (1973); *Thomas v. Gordon,* 68 Idaho 254, 192 P.2d 856 (1948); *Zakaessian v. Zakaessian,* 70 Cal.App.2d 721, 161 P.2d 677 (Cal. App.1945). Therefore, even though Count III seeks rescission of a written contract, the three year statute of limitations for actions grounded in fraud or mistake also applies to that count. Count IV sought

relief based on the plaintiffs' reasonable expectations. This count was clearly framed with reference to the lead opinion in *Corgatelli v. Globe Life & Accident Ins. Co.,* 96 Idaho 616, 533 P.2d 737 (1975), which purported to adopt the doctrine of reasonable expectations. That doctrine is a rule of construction to be applied to insurance contracts, and therefore the proper statute of limitations to be applied to an action grounded upon it is either I.C. § 5–216 which provides a five year period for actions founded upon an instrument in writing or I.C. § 5–217 which provides a four year statute for oral contracts. As the majority opinion indicates, neither the five year period of I.C. § 5–216 nor the four year period of I.C. § 5–217 would bar this action. Thus, Count IV of plaintiffs' complaint cannot be dismissed on the ground that the statute of limitations has run unless the majority opinion's silence on this matter is in fact a determination by a majority of this Court that the reasonable expectations doctrine is not the law in this state. *See Corgatelli v. Globe Life & Accident Ins. Co., supra,* at 619, n. 1, 533 P.2d at 740, n. 1.

I also object to the majority's affirmance of the trial court's dismissal of the case on another ground. The relief the plaintiffs sought in this case was the refund of the contributions they had made to the defendant's retirement program. During the course of the trial it was disclosed that one of the plaintiffs, Earl Newnham, and perhaps others, had terminated their employment with the city. Though the actual contract between the defendant and the city was never introduced in evidence, counsel's questions and arguments at trial and the exhibit attached to the plaintiffs' complaint suggest that under the terms of the contract the defendant was obligated to refund the contributions of employees who terminated their employment with the city. The defense counsel, when he made his 41(b) motion which the trial court granted, acknowledged the validity of Newnham's claim under the evidence, *see* I.R.C.P. 54(c), in the following colloquy:

"We would further move to dismiss on the ground, three people, either Newnham,

Horsley and Berkey, on the grounds that they are retired or terminated and entitled to money, or annuity benefits without this Cause of Action."

In apparent recognition of this fact the trial judge stated orally at the conclusion of the trial that he did not want the dismissal of the plaintiffs' case to prejudice the rights of Newnham to a refund of his contributions. However, the order entered by the court dismissing the case contains no such proviso but on the contrary states that "each of the Plaintiffs' Complaints and causes of action in the above captioned action be, and the same hereby are, dismissed with prejudice . . . ." Moreover, I.R.C.P. 41(b) pursuant to which the defendant's motion to dismiss was made, states: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Accordingly, the court's order dismissing the action and the majority's affirmance of that order may well preclude Newnham from recovering his contributions from the defendant, unless of course the defendant—out of sheer generosity—is willing to refund the contributions anyway. The motion should not have been granted as to plaintiff Newnham and other plaintiffs similarly situated. I.R.C.P. 54(c).